# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATTIE KOSLOWSKI and THOMAS KOSLOWSKI,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE HARTZ MOUNTAIN CORPORATION,<br><br>  Defendant. | CIVIL ACTION NO. 3:12-cv-1200<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is the Defendant's Notice of Removal. (Doc. 1). Because the Notice of Removal fails to adequately plead the existence of subject matter jurisdiction, the action will be remanded to the Court of Common Pleas of Lackawanna County unless the Defendant timely amends.

## I. Background

Defendant Hartz Mountain Corporation removed this action on June 22, 2012. The action brings claims under negligence, strict liability, breach of warranty, loss of consortium and Pennsylvania's Unfair Trade Practice and Consumer Protection Law for injuries derived from a dog toy manufactured by the Defendant. The Notice of Removal alleges that the Plaintiffs "are residents of the State of Pennsylvania with an address of 178 Stracham Road, Scott Township, Lackawanna County, Pa 18447." (Notice at ¶ 3, Doc. 1.) The Defendant is alleged to be "a corporate citizen of the State of New Jersey with a principal office of 400 Plaza Drive, Secaucus, NJ 07094-3688." (*Id.* at ¶ 4.)

## II. Analysis

District courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. 28 U.S.C. § 1332(a)(1). In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### 1. Citizenship of the Plaintiffs

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a

citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914).

To the extent the Notice of Removal alleges that the individual Plaintiffs "are residents" of Pennsylvania, this is not sufficient. Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). The Court therefore finds that the Notice of Removal has not properly plead Plaintiffs' citizenship for the purposes of diversity jurisdiction.

### 2. Citizenship of Defendant Hartz Mountain Corporation

By contrast, a corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Therefore, insofar as the Defendant avers that it is a "corporate citizen" of New Jersey

and that it has a "principal office" there, these allegations miss the mark.  Therefore, the Court also finds that the Notice of Removal has failed to sufficiently plead the citizenship of the corporate Defendant for the purposes of diversity jurisdiction.

However, pursuant to 28 U.S.C. § 1653, the Defendant will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving the removal to this Court.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").   As such, Hartz Mountain will be given fourteen (14) days in which to file an amended notice of removal.

### III. Conclusion

Defendant's Notice of Removal fails to show the existence of subject matter jurisdiction.  However, Hartz Mountain will be given fourteen (14) days in which to file an amended notice of removal properly demonstrating the existence of diversity jurisdiction. Failure to do so will result in this action being remanded to the Court of Common Pleas of Lackawanna County.  An appropriate order follows.

  June 29, 2012                                                      /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                        United States District Judge